UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAELA O. KARLE,

       Plaintiff,

  v.

CAPITAL ONE, DISCOVER FINANCIAL
SERVICES, FIRST USA UNITED
SECURITY BANK, CHASE, AND
PROGRESSIVE DIRECT INSURANCE
COMPANY,

       Defendants.

Civil Action No. 3:14-cv-30062-MAP

### DEFENDANT PROGRESSIVE DIRECT INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Progressive Direct Insurance Company ("Progressive") hereby submits this memorandum of law in support of its Motion to Dismiss the First Amended Complaint (Docket No. 17) of Michaela O. Karle ("Plaintiff" or "Karle") pursuant to Federal Rule of Civil Procedure 12(b)(6).

As shown below, Plaintiff's First Amended Complaint must be dismissed in its entirety. Count I (a claim under the Fair Debt Collection Practices Act ("FDCPA")) and Count III (a claim under the Massachusetts Debt Collection Regulation Act ("MDCRA")) fail to state a claim under which relief can be granted because Plaintiff fails to allege that she is a consumer and/or debtor with a debt owed to Progressive.  Count II (a claim under the Fair Credit Reporting Act ("FCRA")) fails because Plaintiff fails to allege that Progressive did not make a firm offer of

insurance to Plaintiff after obtaining her consumer report on two occasions.  Finally, Count IV[1]

(a claim under M.G.L. c. 93A) fails because it is entirely dependent on Counts I, II, and III.

## BACKGROUND

Plaintiff filed the original Complaint on April 15, 2014.  (Docket No. 1).  On May 29,

2014, Plaintiff filed the First Amended Complaint against Progressive and other defendants.

(Docket No. 17).  In the First Amended Complaint, Plaintiff alleges that Progressive, along with

the other defendants, pulled her consumer credit report "over 30 times" on various occasions

without her consent.  First Am. Compl. ¶¶ 17-18.  Exhibit 2 to Plaintiff's First Amended

Complaint, however, reveals that Progressive pulled Plaintiff's credit report on two occasions –

on May 21, 2013 and July 17, 2013.  First Am. Compl., Ex. 2.  Plaintiff insists that she "has

never had any business dealings or any accounts with, made application for credit from, made

application for employment with, applied for insurance from, or received a bona fide offer of

credit from" Progressive.  *Id.* ¶ 22; *see also id.* ¶¶ 33, 51, 57.  Plaintiff does not allege, however,

that she did not receive a firm offer of insurance from Progressive, an insurance company.  *See*

First Am. Compl.

Plaintiff brings claims under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692, *et seq.* (Count I), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et*

*seq.* (Count II), the Massachusetts Debt Collection Regulation Act ("MDCRA"), 940 C.M.R.

7.00, *et seq.* (Count III), and M.G.L. c. 93A (Count IV).

## ARGUMENT

### I.   Standard of Review.

A complaint must be dismissed where the plaintiff cannot allege any set of facts to

support his plausible entitlement to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A

---

[1] Count IV is mislabeled as "Count VI" in the First Amended Complaint.

plaintiff's entitlement to relief "requires more than labels and conclusions"; his "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  To state a claim that is sufficiently plausible to survive a motion to dismiss, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  As explained below, under this standard, even construing the First Amended Complaint in the light most favorable to Plaintiff, she has failed to state a claim for which relief may be granted against Progressive and, accordingly, her First Amended Complaint should be dismissed.

## II.   Plaintiff's FDCPA Claim (Count I) Fails Because She Fails to Allege that She is a Consumer with a Debt Owed to Progressive.

Plaintiff's claim under the FDCPA fails for the simple reason that Plaintiff fails to allege that she is a consumer with a debt owed to Progressive and that Progressive is a debt collector under the FDCPA.  15 U.S.C. § 1692(a)(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  Finally, a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiff does not allege anywhere in the First Amended Complaint that she owes a debt to a creditor, and that Progressive is attempting to collect that debt.  In fact, Plaintiff admits the opposite – that she has no relationship with Progressive at all.  *See* First Am. Compl. ¶ 15 (Plaintiff has never "had any business with" Progressive); ¶ 22 ("Plaintiff has never had any business dealings or any accounts with" Progressive); ¶ 33 (Plaintiff "is positive she had no account" with Progressive); *see also id.* ¶¶ 51, 57.  For this reason, Plaintiff's claim under the FDCPA must be dismissed.

### III.   Count III Fails Because Plaintiff Fails to Allege that She Is a Debtor with a Debt Owed to Progressive.

Plaintiff's claim under 940 C.M.R. § 7.00, *et seq.* (Count III) fails for the same reason as Count I.  940 C.M.R. § 7.03 contains the following definitions:

> Creditor means any person and his or her agents, servants, employees, or attorneys engaged in collecting a debt owed or alleged to be owed to him or her by a debtor and shall also include a buyer of delinquent debt who hires a third party or an attorney to collect such debt provided, however, that a person shall not be deemed to be engaged in collecting a debt, for the purpose of 940 CMR 7.00, if his or her activities are solely for the purpose of serving legal process on another person in connection with the judicial enforcement of a debt.

> Debt means money or its equivalent which is, or is alleged to be, more than 30 days past due and owing, unless a different period is agreed to by the debtor, under a single account as a result of a purchase, lease, or loan of goods, services, or real or personal property, for personal, family or household purposes or as a result of a loan of money which is obtained for personal, family or household purposes whether or not the obligation has been reduced to judgment.

> Debtor means a natural person, or his or her guardian, administrator or executor, present or residing in Massachusetts who is allegedly personally liable for a debt.

940 C.M.R. § 7.03.  Again, nowhere in the First Amended Complaint does Plaintiff allege that she is a debtor with a debt owed to Progressive as defined in 940 C.M.R. § 7.03.  As explained above, she emphatically insists she has had no business dealings with Progressive.  *See* First Am. Compl. ¶¶ 15, 22, 33, 51, 57.

IV.     **Plaintiff's FCRA Claim (Count II) Must Be Dismissed Because Plaintiff Does Not Allege that Progressive Did Not Extend a Firm Offer of Insurance to Plaintiff.**

Count II must be dismissed because Plaintiff fails to allege that Progressive did not extend a firm offer of insurance to Plaintiff.  *See* Compl.

Under the FCRA, "[a]n entity may gain access to an individual's consumer report only with the written consent of the individual, unless the consumer report is to be used for certain 'permissible purposes,' in which case written consent is not required.  *Dixon v. Shamrock Fin. Corp.*, 522 F.3d 76, 77 (1st Cir. 2008) (quoting 15 U.S.C. § 1681b).  One of these permissible purposes is to extend a "firm offer of **credit or insurance**."  *Id.*; 15 U.S.C. § 1681b(c) (emphasis added).

A "firm offer of credit or insurance" is defined as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer, except that the offer may be further conditioned on one or more" criteria set by the entity. 15 U.S.C. § 1681a(l).  Put another way, a firm offer of credit or insurance "meets the statutory definition so long as the creditor [or insurance company] will not deny credit [or insurance] to the consumer if the consumer meets the creditor's [or insurance company's] pre-selection criteria . . . a firm offer of credit [or insurance] under the [FCRA] really means a firm offer if you meet certain criteria."  *Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 76 (1st Cir. 2008).  The firm offer of insurance also must disclose (1) that information contained in the consumer's consumer report was used; (2) that the consumer received the offer because he satisfied the criteria used to select the consumer for the offer; (3) that the offer can be conditioned on collateral or other pre-determined criteria, (4) that the consumer has the right to opt out of pre-screened offers, and (5) how the consumer can exercise that right.  *Id.* (citing 15 U.S.C. § 1681m(d)(1)(A)-(E)).

Plaintiff's FCRA claim fails because she fails to allege that Progressive did not offer her a firm offer of insurance after accessing her consumer report on two occasions. *See* First Am. Compl. Plaintiff does allege that Progressive did not offer her a firm offer of credit, but makes no reference to insurance. First Am. Compl. ¶¶ 22, 32, 51. Progressive is an insurance company. It is in the business of selling insurance and made a firm offer of insurance to the Plaintiff.[2] For this reason, Plaintiff's FCRA claim in Count II fails.

## V. Plaintiff's M.G.L. c. 93A Claim Fails Because It Is Entirely Dependent on Counts I-III.

Count IV is entirely dependent on Counts I, II, and III of the First Amended Complaint. *See* First Am. Compl. ¶ 65 (alleging that violation of the FCRA, FDCPA, and MDCRA "is an automatic violation of" M.G.L. c. 93A). Thus, because Plaintiff's claims in Counts I, II, and III fail as explained above, Count IV also must be dismissed.

## CONCLUSION

For each and every of the foregoing reasons briefed and explained herein, Progressive respectfully requests that Plaintiff's First Amended Complaint be dismissed in its entirety with prejudice.

---

[2] Plaintiff received two firm offers of insurance in June of 2013 and in August of 2013 after Progressive accessed her consumer report on two occasions. The firm offers of insurance are attached hereto as Exhibits A and B, respectively. The offers of insurance sent to Plaintiff in June of 2013 and August of 2013 are firm offers of insurance as defined in the FCRA. They both explicitly state that "[t]his 'prescreened' offer of insurance is based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria." Exhibits A and B. They also inform Plaintiff that she can opt out of receiving such offers and explain how to opt out of the offers. *Id.* Progressive submitted the two firm offers of insurance in conjunction with its Motion to Dismiss the original Complaint (Docket No. 16). Plaintiff fails to address the two firm offers of insurance in her First Amended Complaint. Although the Court need not consider the Exhibits in deciding this Motion, Progressive submits that Plaintiff did receive two firm offers of insurance and any future attempt to plead otherwise would be futile.

Dated: June 12, 2014

PROGRESSIVE DIRECT INSURANCE
COMPANY,

By their attorneys,

/s/ *Neil D. Raphael*

Neil D. Raphael, Esq. (BBO# 650453)
Natalie F. Langlois, Esq. (BBO# 669247)
Raphael LLC
1 Liberty Square
11th Floor
Boston, MA  02109
Phone:  617-542-7999
Fax:  617-307-4486
nraphael@raphaelllc.com
nlanglois@raphaelllc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAELA O. KARLE,<br><br>       Plaintiff,<br><br>   v.<br><br>CAPITAL ONE, DISCOVER FINANCIAL<br>SERVICES, FIRST USA UNITED<br>SECURITY BANK, CHASE, AND<br>PROGRESSIVE DIRECT INSURANCE<br>COMPANY,<br><br>       Defendants. | Civil Action No. 3:14-cv-30062-MAP |

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database. As a result, these individuals (1) will receive from the Court electronic notification of the filing of the *Defendant Progressive Direct Insurance Company's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint*, filed via ECF on June 12, 2014; (2) have access to this document through the Court's website; and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

Christopher J. Somma
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
617-570-3948
Email: csomma@goodwinprocter.com

Katherine A. Guarino
Edwards Wildman Palmer LLP - MA
111 Huntington Avenue.
Boston, MA 02199
617-239-0152
Fax: 866-534-1563
Email: kguarino@edwardswildman.com

Francis J. Bingham
Hirsch Roberts Weinstein LLP
12th Floor
24 Federal Street
Boston, MA 02110
617-348-4300
Email: fbingham@hrwlawyers.com


I certify that on June 12, 2014, a true copy of the foregoing *Defendant Progressive Direct Insurance Company's Memorandum of Law in Support of Its Motion to Dismiss First Amended Plaintiff's Complaint* was served by e-mail and first-class mail, postage prepaid upon the plaintiff, who is proceeding *pro se*:

Michaela O. Karle
7 Old South Street
Northampton, MA 01060
michaelakarle@gmail.com

/s/ *Neil D. Raphael*
Neil D. Raphael