UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAELA O. KARLE,

Plaintiff,

v.

CAPITAL ONE, DISCOVER FINANCIAL
SERVICES, FIRST USA UNITED SECURITY
BANK, CHASE, and PROGRESSIVE
DIRECT INSURANCE COMPANY,

Defendants.

Civil Action No. 3:14-cv-30062-MAP

## DEFENDANT CHASE BANK USA, N.A.'S MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Chase Bank USA, N.A.[1] ("Defendant" or "Chase") respectfully submits this

memorandum of law in support of its motion to dismiss the plaintiff's Amended Complaint (Dkt.

No. 17) for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).

Plaintiff Michaela O. Karle ("Plaintiff" or "Karle") asserts that Defendants, financial and

insurance entities, (1) violated the Fair Debt Collection Practices Act and the Massachusetts Fair

Debt Collection Practices Act (incorrectly pled as the "Massachusetts Debt Collection

Regulation Act") by placing calls to her telephone, notwithstanding that Plaintiff fails to allege

she is a consumer and/or debtor with a debt owed to Chase and fails to allege any facts showing

that Chase is a "debt collector"; (2) pulled her credit report without permission and without a

permissible purpose creating a willful violation of the Fair Credit Reporting Act, notwithstanding

that Plaintiff fails to allege any evidence of Chase's state of mind; and (3) automatically violated

M.G.L. c. 93A ("Chapter 93A") based on the above conduct, although that claim is conditioned

on stating a claim under the other statutes, which Plaintiff fails to do.  The Amended Complaint

---

[1] Plaintiff improperly sues Defendant as "Chase."  (*See* Dkt. No. 17.)

thus fails to state a claim upon which relief can be granted and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Relevant Facts[2]

On May 29, 2014, Plaintiff, who is proceeding *pro se*, submitted an Amended Complaint[3] that is heavy on legal conclusions and light on facts. (*See* Dkt. No. 17.)  Plaintiff alleges that in 2014, she pulled her consumer credit report from the three major credit reporting agencies and discovered entries made by entities with which she was unfamiliar.  Amended Compl. ¶¶ 16, 19. Although Plaintiff determined that her credit report had been pulled "over 30 times on various occasions and by various entities," she alleges that Chase pulled her credit report on only one occasion, December 23, 2013. *Id.* ¶ 34 & Ex. 2.  There is no allegation that Chase pulled her credit report after any notification from Plaintiff that it did not have her permission to do so.

Plaintiff asserts that she never gave any of the Defendants permission to pull her credit report and sent Defendants a Chapter 93A demand letter and cease and desist letter. *Id.* ¶¶ 14, 15.  However, Plaintiff insists she has "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from" any of the Defendants, including Chase. *Id.* ¶ 22.  Despite this fact, Plaintiff alleges that Defendants "placed no less than 40 calls" to Plaintiff's telephone after Plaintiff informed them they did not have permission to do so. *Id.* ¶ 41. Although Plaintiff cites language from statutes that apply only to debt collectors and the collection of a debt, *id.* ¶¶ 42-44, 63, Plaintiff provides no evidence that Defendants were debt

---

[2] The facts set forth herein are as alleged in the Amended Complaint – the truth of which is accepted only for purposes of Defendant Chase's Motion to Dismiss – and as shown in other documents that the Court properly may consider on a motion to dismiss, which include: "documents the authenticity of which are not disputed by the parties," "official public records," "documents central to plaintiff's claim," and "documents sufficiently referred to in the complaint." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (citations omitted); *see also Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004).
[3] Plaintiff filed her original Complaint on April 15, 2014.  (Dkt. No. 1.)

collectors governed by the FDCPA or that they were collecting a debt.  Instead, she makes an

unsupported statement that "Defendants Capital, Discover, First & Chase is [sic] debt collectors

within the meaning of § 1682a(6)," *id.* ¶ 40.  Plaintiff alleges no specific damages.  *See id.* ¶ 66.

### The Claims Asserted in the Amended Complaint

Count I of Plaintiff's Amended Complaint asserts a violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692a(6) (the "FDCPA") based on 40 total alleged calls made to

Plaintiff's home and cellular telephone by Defendants.  *Id.* ¶¶ 39-44.  She does not describe the

purpose of such calls.  *See id.* ¶ 41.  Plaintiff cites statutory provisions that apply to debt

collectors (as that term is defined) and the collection of a debt, but she does not identify any such

debt or specifically allege that Chase is a debt collector for purposes of the FDCPA, which it is

not.  Count III reflects a mirror image of Count I: a violation of the Massachusetts Fair Debt

Collection Practices Act, 940 CMR 7.00 ("MFDCPA") (incorrectly pled as the "Massachusetts

Debt Collection Regulation Act"), but purportedly based on Defendants' alleged pulling of her

credit report rather than any communication by Defendants.  *See id.* ¶¶ 61-63.  Again, no debt is

alleged.

In Count II, Plaintiff claims that Defendants pulled her credit report without her

permission and without a permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. §

1681b ("FCRA").  *Id.* ¶¶ 45-60.  Plaintiff asserts a willful violation of FCRA under 15 U.S.C. §

1681n through Defendants' use of false pretenses to obtain Plaintiff's credit report and/or by

falsely representing or certifying that the report was being obtained for a permissible purpose.

*Id.* ¶ 60.  She states that she has had no business with any of the Defendants that would excuse

this conduct.  *Id.* ¶ 51.

Count IV (incorrectly numbered "Count VI") asserts an automatic violation of Chapter

93A based on violations of the aforementioned statutes.  *Id.* ¶¶ 64-66.

## Argument

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party. *See Aybar v. Crispin-Reyes,* 118 F.3d 10, 13 (1st Cir. 1997), *cert. denied*, 522 U.S. 1078 (1998); *Estate of Soler v. Rodriguez*, 63 F.3d 45, 53 (1st Cir. 1995).  However, a plaintiff may not rest on unsupported, conclusory statements or "threadbare recitals of the elements of a cause of action." *Doe v. Williston Northampton Sch.*, 766 F. Supp. 2d 310, 312 (D. Mass. 2011) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  If it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief, the court should grant a motion to dismiss.  *See Gorski v. N.H. Dep't of Corrections*, 290 F.3d 466, 473 (1st Cir. 2002); *Tamburello v. Comm-Tract Corp.*, 67 F.3d 973, 975 (1st Cir. 1995), *cert. denied*, 517 U.S. 1222 (1996).  Although courts may liberally construe their allegations, "pro se plaintiffs must comply with the applicable procedural and substantive rules of law, and dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim." *Overton v. Torruella*, 183 F. Supp. 2d 295, 303 (D. Mass. 2001) (citing *Lefebvre v. Comm'r Internal Rev.,* 830 F.2d 417, 419 (1st Cir. 1987)).

Plaintiff's Amended Complaint violates this standard by parroting the language of the alleged statutes and making conclusory statements of liability.  There are insufficient facts alleged to state a claim under any Count.  Accordingly, the Amended Complaint must be dismissed in its entirety.

I.      **Plaintiff Fails to State a Claim Under Section 1692 of FDCPA (Count I) Because She Does Not Adequately Allege that Chase is a Debt Collector or that She is a Consumer with a Debt Owed to Chase.**

Plaintiff has not stated a claim under the FDCPA because she fails to allege that she is a "consumer" with a debt owed to Chase and that Chase was attempting to collect a debt.  *See* Am. Compl. ¶¶ 39-44.  "To survive a motion to dismiss in an FDCPA case, 'a complaint must allege a scenario involving the collection (or attempted collection) of a debt.'"  *Bourke v. Retained Realty, Inc.*, No. 13-11537-RWZ, 2014 WL 898598, at *2 (D. Mass. Mar. 7, 2014) (quoting *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 23 (1st Cir. 2002)) (where letter from defendant referred to future obligation to pay and plaintiff had no existing obligation to pay money, FDCPA and MFDCPA claims failed).  The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  A "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  § 1692a(5).  "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  § 1692a(6).  All of Plaintiff's FDCPA claims require the presence of a consumer and a debt collector; she has alleged neither.  *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 90 (D. Mass. 2012) amended in part, 969 F. Supp. 2d 74 (D. Mass. 2013) (noting that FDCPA only applies to a "debt collector").

Nowhere in her Amended Complaint does Plaintiff allege that she owes a debt to a debt

collector, and that Chase is attempting to collect that debt.  On the contrary, Plaintiff contends

that she has no business or accounts with Chase.  Am. Compl. ¶¶ 15, 22.  Plaintiff includes only

the unsupported allegation that "Defendants Capital, Discover, First & Chase is [sic] debt

collectors within the meaning of § 1692a(6)."  *Id.* ¶ 40; *see Epps v. Bank of Am., N.A.*, No.

SUCV201201282, 2013 WL 7196330, at *4 (Mass. Super. Ct. June 18, 2013) (where complaint

merely stated that defendant was a debt collector without any specific facts alleged that

defendant attempted to collect a debt from plaintiff, FDCPA and MFDCPA claims were

dismissed).  No facts are alleged that Chase is a debt collector, as that term is defined in the

statute.  Even if she had adequately alleged that Chase was a debt collector collecting a debt,

Chase is facially exempt from liability under the statute for any collection or attempted collection

of its own debt.  15 U.S.C. § 1692a(6)(F)(ii).  For these reasons, Count I cannot survive a motion

to dismiss.

## II.     Plaintiff Fails to State a Claim Under MFDCPA (Count III) Because She Does Not Allege that She is a Debtor with a Debt Owed to Chase.

Similarly, Plaintiff's MFDCPA claim fails because she has not alleged that she is a

"debtor" with a debt owed to Chase as defined in the statute.  Like the FDCPA, a claim under

MFDCPA requires "at least the existence or alleged existence of an obligation to pay money."

*Bourke*, 2014 WL 898598, at *2 (citing *Arruda*, 310 F.3d at 23) (where letter from defendant

referred to future obligation to pay and plaintiff had no existing obligation to pay money,

FDCPA and MFDCPA claims failed).  940 C.M.R. § 7.03 defines "creditor" as "any person and

his agents, servants, employees, or attorneys engaged in collecting a debt owed or alleged to be

owed to him by a debtor and shall also include a buyer of delinquent debt who hires a third party

or an attorney to collect such debt . . . ."

Debt means money or its equivalent which is, or is alleged to be, more than 30

days past due and owing, unless a different period is agreed to by the debtor,
under a single account as a result of a purchase, lease, or loan of goods, services,
or real or personal property, for personal, family or household purposes or as a
result of a loan of money which is obtained for personal, family or household
purposes whether or not the obligation has been reduced to judgment.

940 C.M.R. § 7.03. A "debtor" is a "natural person, or his guardian, administrator or executor,

present or residing in Massachusetts who is allegedly personally liable for a debt." *Id.*

A claim under section 7.07 for unfair or deceptive acts or practices requires the collection

or attempted collection of a debt from a debtor by a creditor. *See* Am. Compl. ¶ 63; *Epps v.*

*Bank of Am., N.A.*, No. SUCV201201282, 2013 WL 7196330, at *4 (Mass. Super. Ct. June 18,

2013). Plaintiff alleges neither element. As explained in the prior section, Plaintiff is certain she

has had no business dealings with Chase, does not allege that she is a debtor, does not allege any

facts showing Chase was a creditor, and identifies no debt that could have been collected. Am.

Compl. ¶¶ 15, 22. Count III must be dismissed.

### III. Plaintiff Fails to State a Claim for Willful Violation of Section 1681 of FCRA (Count II) Because She Has Alleged No Facts Showing Chase's State of Mind.

In Count II, Plaintiff purports to bring a claim for a willful violation of section 1681b(f)

of FCRA for using "false pretenses or knowingly without a permissible purpose to obtain

Plaintiffs [sic] consumer report, by falsely representing or certifying that the report was being

obtained for a permissible purpose as defined [in] § 1681b." Am. Compl. ¶ 60; 15 U.S.C. §

1681n. To state a claim for a willful violation of section 1681b(f), a plaintiff must establish that

the defendant acted knowingly or with reckless disregard of the law. *Safeco Ins. Co. of America*

*v. Burr*, 551 U.S. 47, 57 (2007); *Veno v. AT&T Corp.*, 297 F. Supp. 2d 379, 384 (D. Mass. 2003)

("Under the FCRA, '[t]o constitute willful noncompliance, a party must have 'knowingly and

intentionally committed an act in conscious disregard for the rights of others.'""). This requires

"not merely a purpose which is not technically in compliance with the purposes set forth in §

1681b, but a *calculated attempt to mislead* another in order to obtain information." *See Graziano v. TRW, Inc.*, 877 F. Supp. 53, 57 (D. Mass. 1995) (emphasis added); *see also Veno*, 297 F. Supp. 2d at 384-85 (no liability under §§ 1681q or 1681n because allegations did not rise to level of willful violation of FCRA).

In her Amended Complaint, Plaintiff fails to include any factual allegations concerning Chase's state of mind. Mere recitations of the statutory standard are insufficient to state a claim under section 1681n of FCRA. *See Iqbal*, 129 S.Ct. at 1949; *see also Graziano*, 877 F. Supp. at 57; *see also* Am. Compl. ¶ 60. The court in *Veno* held that the defendant was not liable under § 1681n even though the defendant pulled a non-customer's credit report multiple times, one of which occurred after the defendant was informed that it did not have permission to do so. 297 F. Supp. 2d at 384-85. Here, unlike in *Veno*, Plaintiff alleges that Chase pulled her credit report exactly one time and does not allege that this occurred after she informed Chase that it did not have permission to do so. *See* Am. Compl. ¶ 19 (Plaintiff only discovered the unfamiliar entries in 2014), Ex. 2 (Chase allegedly pulled Plaintiff's credit report on only one occasion, December 23, 2013). Accordingly, Count II must be dismissed.

## IV.    Because Counts I-III Fail, Plaintiff Cannot State a Claim Under Chapter 93A (Count IV, mislabeled "Count VI")

Plaintiff styles her Chapter 93A claim as entirely dependent on Counts I, II, and III of the Amended Complaint. *See* Am. Compl. ¶ 65 (alleging that violation of FCRA, FDCPA, and MFDCPA represents an "automatic violation of" Chapter 93A). As explained above, Plaintiff has failed to state a claim under any of these counts. Therefore, her Chapter 93A claim fails.

Plaintiff would not be prejudiced by a dismissal of this claim, as her ability to recover damages under Chapter 93A is foreclosed. Even if a violation of the alleged statutes constitutes a per se violation of Chapter 93A, establishing a violation of these statutes "does not []

- 8 -

automatically lead to an award of damages under chapter 93A.  A plaintiff seeking a remedy under chapter 93A, section nine, must still demonstrate that [the violations] 'caused a loss.'" *McDermott*, 911 F. Supp. 2d at 92 (citing cases) (in context of FDCPA claim); *see also Hershenow v. Enter. Rent-A-Car Co. of Boston, Inc.*, 445 Mass. 790, 798-801 (2006) (where unfair and deceptive automobile rental contract "made neither rental customer worse off during the rental period than he or she would have been had the [contract complied in full with the requirements of [statute] . . . plaintiffs [] nevertheless failed to establish that the 'per se' deception caused a loss. For that reason, there c[ould] be no recovery under G.L. c. 93A, § 9(1)").  *Cf. Veno*, 297 F. Supp. 2d at 387 n.8 (casting doubt on whether violation of FCRA constitutes an automatic violation of Chapter 93A).  Plaintiff alleges no facts to support a loss of money, property, or to support a claim for emotional distress.  Thus, she cannot recover under Chapter 93A.

Moreover, Plaintiff's recovery under Count IV would be limited to avoid double recovery.  Massachusetts federal courts have held that a consumer cannot recover under Chapter 93A for conduct that also forms the basis of the consumer's claims under another count.  *See Richardson v. Fleet Bank of Mass.*, 190 F. Supp. 2d 81, 89 (D. Mass. 2001) ("where the same acts cause the same injury under more than one theory . . . duplicative damage recovery will not be permitted") (consumer could not recover under Chapter 93A for conduct by credit reporting agency that also formed basis of consumer's claims against agency under FCRA); *see also Islam v. Option One Mortg. Corp.*, 432 F. Supp. 2d 181, 200 (D. Mass. 2006).  Plaintiff's Chapter 93A claim rests on the same conduct that purports to support the other three counts.  *See* Am. Compl. ¶ 65.  Therefore, Plaintiff would not be permitted to recover duplicative damages under Chapter 93A.  In any event, since Plaintiff's claims in Counts I-III fail for the reasons stated above, Count

IV must be dismissed.

## Conclusion

The Court should grant Defendant Chase's Motion to Dismiss Plaintiff's Amended

Complaint.

Respectfully submitted,

CHASE BANK USA, N.A.
By Its Attorneys,

June 16, 2014          /s/ Katherine A. Guarino_____
                       John A. Houlihan (BBO #542038)
                       Katherine A. Guarino (BBO #681848)
                       EDWARDS WILDMAN PALMER LLP
                       111 Huntington Avenue
                       Boston, MA  02199
                       617.239.0100
                       jhoulihan@edwardswildman.com
                       kguarino@edwardswildman.com

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database. As a result, these individuals (1) will receive from the Court electronic notification of the filing of the foregoing *Memorandum in Support of Motion to Dismiss* filed via ECF on June 16, 2014; (2) have access to this document through the Court's website; and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

| | | |
|---|---|---|
| Neil D. Raphael | Christopher J. Somma | Francis J. Bingham |
| Natalie F. Langlois | Goodwin Procter LLP | Hirsch Roberts Weinstein LLP |
| Raphael LLC | Exchange Place | 12th Floor |
| 1 Liberty Square | Boston, MA 02109 | 24 Federal Street |
| 11th Floor | | Boston, MA 02110 |
| Boston, MA 02109 | | |

I certify that on June 16, 2014, a true copy of the foregoing *Memorandum in Support of Motion to Dismiss* was served by e-mail and first-class mail, postage prepaid upon the plaintiff, who is proceeding *pro se*:

Michaela O. Karle
7 Old South Street
Northampton, MA 01060
michaelakarle@gmail.com

- 10 -

/s/ Katherine A. Guarino
Katherine A. Guarino

AM 33862075.2